IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ROBERT DUNN, JR.,

                        Plaintiff,

                                      Civ. Action No.
                                      1:09-CV-1031 (LEK/DEP)

    vs.

ALBANY MEDICAL COLLEGE,

                        Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

ROBERT G. DUNN, *Pro Se*
9247 South Lowe
Chicago, IL  60620

FOR DEFENDANT:

BOND, SCHOENECK LAW FIRM     SARAH DELANEY VERO, ESQ.
111 Washington Avenue
Albany, NY 12210-2280

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

     Plaintiff Robert Dunn, Jr., who is an African American, has

commenced this action against his former employer, defendant Albany

Medical College ("AMC"), pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.,* alleging discrimination and harassment on the basis of his race and unlawful retaliation.[1]  Plaintiff's complaint is based upon events occurring more than sixteen years ago, and which were the subject of an investigation conducted by the New York State Division of Human Rights concluding in April of 1997.

In December of 2009 defendant AMC served interrogatories and document demands upon the plaintiff.  Plaintiff's failure to respond to those discovery requests, and to provide the required mandatory disclosures, despite having been ordered to do so by the court, has prompted defendant to now move for sanctions, including dismissal of plaintiff's complaint and an award of costs and attorney's fees.  Plaintiff opposes defendant's motion and takes the position that, notwithstanding the court's directive, at this juncture he should not be required to provide mandatory disclosure or respond to defendant's discovery demands.

Having carefully considered the respective positions of the parties,

---

[1]     Plaintiff's complaint was filed in the United States District Court for the Northern District of Illinois.  The matter was later transferred by that court to this district on or about August 27, 2009.  *See* Dkt. No. 27.

the relevant chronology, the nature of the relief now sought, and the

deference owed to the plaintiff, as a *pro se* litigant, I conclude that

dismissal of plaintiff's complaint is warranted under the circumstances.

I.      BACKGROUND

Plaintiff Dunn graduated from the St. Louis University School of

Medicine in 1998 and was accepted into a three-year ophthalmology

residency program by defendant AMC in July of 1992.  Plaintiff was

notified on or about April 15, 1994 that his residency was being

terminated, and he was being dismissed from the program effective on

June 30, 1994 -- one year short of completion of the program.  In his

complaint plaintiff asserts that 1) his termination from the residency

program was racially motivated; 2) while in the program he was subjected

to disparate treatment, racial intolerance, and harassment; and 3) his

termination was motivated in part by his having challenged certain

evaluations made regarding his performance.

Following transfer of the case to this district, defendant AMC moved

on September 29, 2009 for an order pursuant to Rule 12(f) of the Federal

Rules of Civil Procedure striking the paragraph of plaintiff's complaint that

details the factual allegations giving rise to his claims.  Dkt. No. 32.  That

motion was taken on submission, and a decision has yet to be issued. Because its motion to strike is still pending, defendant AMC has not answered plaintiff's complaint.

On November 12, 2009, pursuant to Rule 16 of the Federal Rules of Civil Procedure, I conducted a pretrial conference in the case; present at the conference were the plaintiff, appearing *pro se,* and Sara Delaney Vero, Esq., representing defendant AMC.  During that conference I directed the parties to go forward with discovery notwithstanding the pending motion to strike, and ordered that mandatory disclosure pursuant to Rule 26(a) of the Federal Rules of Civil Procedure be exchanged by December 15, 2009, and initial discovery demands be served, if desired, not later than December 31, 2009.  *See* Text Minute Entry dated 11/12/09. A uniform pretrial scheduling order ("UPSO") governing the progression of the case, and specifically embodying these requirements, was subsequently issued on November 13, 2009.[2]  Dkt. No. 40.

On December 15, 2009, defendant AMC provided plaintiff with the

---

[2]     During the pretrial conference I informed the parties of my intention to direct this case into the court's assisted mediation program and to assign an attorney to represent the plaintiff *pro bono* for the limited purpose of attempting to negotiate a settlement of the action.  An attorney was subsequently assigned and a settlement conference was conducted by one of my colleagues, Magistrate Judge David R. Homer,  on December 9, 2009.  Despite the court's efforts the case did not settle, and plaintiff's designated counsel was relieved of the *pro bono* assignment.

required mandatory disclosures, and additionally served interrogatories and a set of document demands upon him.  Despite the court's directive, however, plaintiff still has not provided Rule 26(a)(1) voluntary disclosures to the defendant, nor has he responded to AMC's outstanding discovery requests.

A telephonic status conference concerning the action was held on January 4, 2010.  During that conference plaintiff requested that his time to answer defendant's outstanding discovery demands be extended until after the pending motion to strike is decided and an answer is served by the defendant.  That request was denied by the court and, on the following day, a text order was issued directing plaintiff both to serve mandatory disclosures, as was previously directed in the court's UPSO, and to respond to defendant's outstanding discovery demands by January 31, 2010.  *See* Text Minute Entry Dated 1/4/10 and Text Order dated 1/5/10.  Plaintiff's subsequent letter motion, filed January 28, 2010, requesting an unspecified extension of time to respond to defendant's discovery demands was denied by the court. *See* Dkt. No. 43 and Text Order Dated 1/28/10.

Plaintiff has since filed two motions for appointment of *pro bono*

counsel to represent him in this action.  *See* Dkt. Nos. 44, 49.  Both

motions were denied, the first in light of plaintiff's failure to submit

evidence to establish that he qualifies as indigent and is therefore eligible

for assignment of *pro bono* counsel, Dkt. No. 46, and the second based

upon the court's consideration of financial materials subsequently

submitted by the plaintiff and my determination that he had not

established indigency.  Dkt. No. 50.

A second telephonic status conference was conducted by the court

in connection with the action on February 26, 2010.  *See* Text Minute

Entry dated 2/26/10.  During that conference I reminded the plaintiff that

he had failed to comply with the outstanding discovery order and advised

that if he did not provide responses to defendant's discovery demands I

would recommend that his complaint be dismissed.  *Id.*  In response

plaintiff requested a stay of the action pending a decision with respect to

the outstanding motion to strike; that request was denied.  *Id.*

II.    PROCEDURAL HISTORY

On March 19, 2010, defendant AMC moved pursuant to Rule 37(b)

of the Federal Rules of Civil Procedure seeking dismissal of plaintiff's

complaint due to his failure to comply with legitimate court orders and

provide the requested discovery, and additionally requesting that the court award defendant costs, including reasonable attorney's fees, incurred in connection with the motion.  Dkt. No. 47.  Plaintiff has responded in opposition to the motion, reiterating his belief that he should not be required to provide discovery until after the defendant's pending motion to strike has been decided by Senior District Judge Kahn and an answer filed, and additionally urging that without the benefit of counsel he is unable to engage in meaningful discovery.  Dkt. No. 51.  Defendant AMC has since submitted a reply in further support of its application.  Dkt. No. 52.  Defendant's motion, which has been taken on submission, is now fully briefed and ripe for determination.

III.    DISCUSSION

    A.    Motion For Sanctions

    Although defendant AMC's motion is brought under Rule 37(b) of the Federal Rules of Civil Procedure, plaintiff's persistent defiance of an order of the court directing his participation in pretrial discovery implicates not only that provision but the court's inherent authority as well as its overarching power under Rule 41(b) of the Federal Rules of Civil Procedure, which provides the court with discretion to dismiss a plaintiff's

complaint for failure to prosecute or based upon a failure to comply with a legitimate court order.

### 1.   The Court's Inherent Authority

"[C]ourts may turn to their inherent powers, which are innate to [their] creation to impose respect for [their] lawful mandates." *La Grande v. Adecco*, No. 1:03-CV-1453, 2006 WL 2806402, at *7 (N.D.N.Y. Sept. 28, 2006) (Sharpe, J. and Treece, M.J.) (citing *United States v. Seltzer*, 227 F.3d 36, 39-42 (2d Cir. 2000)).  It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences and discovery.  *Hall v. Flynn*, 829 F.Supp. 1401, 1403 (N.D.N.Y. 1993) (citations omitted); *see also New York v. Gleave*, 189 F.R.D. 263, 268 (W.D.N.Y. 1999) (citing *Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996)).  The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate corresponding relief.  *Hall*, 829 F.Supp. at 1403; *see also Doyle v. Anderson,* No. 02-CIV. 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed, *inter alia*, to appear for

scheduled status conference, to attend deposition, and to respond to discovery requests); *Lindsey v. Loughlin*, 616 F.Supp. 449, 453 (E.D.N.Y. 1985) (McLaughlin, D.J. & Scheindlin, M.J.) (dismissing complaint based upon plaintiff's failure to prosecute the action where he last contacted the court with his address change upon release from prison and subsequently failed to appear for a status conference scheduled by the court).

The court's inherent authority to strike a party's pleading may be exercised *sua sponte*.  See *Hall*, 829 F. Supp. at 1403; *Lindsey v. Loughlin*, 616 F.Supp. at 453 (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962)) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  In the present action, plaintiff's wilful refusal to comply with orders of this court would justify *sua sponte* dismissal of his complaint.  Such *sua sponte* action is not necessary, however, since defendant has moved pursuant to Rule 37(b), affirmatively seeking the sanction of dismissal with prejudice as a result of plaintiff's refusal to comply with the court's discovery orders.

2.    Rule 37(b)

The provision governing a party's failure to obey a court discovery order provides for an array of available sanctions to be awarded, in the court's discretion, ranging in severity up to and including dismissal of an action in the case of a recalcitrant plaintiff.  Fed. R. Civ. P. 37(b)(2)(A); *see Gissinger v. Yung*, Nos. 04-CV-534 (CBA)(JO), 04-CV-5406 (CBA)(JO), 2006 WL 1329697, at *4-5 (E.D.N.Y. May 16, 2006).[3]  The

---

[3]    Rule 37(b), under which the pending motion is brought, provides in relevant part, that

> [i]f a party . . . fails to obey an order to provide or to permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:
>
> > (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> >
> > (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> >
> > (iii) striking pleadings in whole or in part;
> >
> > (iv) staying further proceedings until the order is obeyed;
> >
> > (v) dismissing the action or proceeding in whole or in part;
> >
> > (vi) rendering a default judgment against the disobedient party; or

decision as to which of those available sanctions should be awarded in the event of a party's failure to comply with a legitimate discovery order, is a matter entrusted to the sound discretion of the court. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). The court's broad discretion to impose sanctions pursuant to Rule 37(b)(2) is limited only by the requirement, expressly stated in the rule, that the sanction selected be "just" and that it relate to the particular claim to which the discovery order was addressed. *Insurance Corp. of Ireland v. Compagnie des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982). The determination of whether a sanction is just must be weighed in light of the record as a whole. *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979).

In deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases decided under Rule 41(b). *See, e.g.*, *Banjo v. United States*, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. July 29, 1996) ("[I]t is appropriate to be guided by

---

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37."); *Almonte v. Coca-Cola Bottling Co. of New York*, 169 F.R.D. 246, 249 n. 4 (D.Conn.1996) ("[T]he factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37.").  The propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five relevant factors, including

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted).

Here, after conducting a Rule 16 conference, the court issued its USPO on November 13, 2009; included within it was the requirement that the parties exchange mandatory disclosures by December 15, 2009 and serve initial written discovery demands by December 31, 2009.  Dkt. No. 40.  Defendant complied with the USPO and provided plaintiff with its

initial disclosures, in addition to serving plaintiff with discovery demands.

In a subsequent status conference the court was advised that despite defendant's compliance with these deadlines, the plaintiff had failed to provide mandatory disclosures or to respond to defendant's interrogatories and document demands.  *See* Text Minute Entry of 1/04/10.  After rejecting plaintiff's request to withhold his discovery responses until such time as an answer has been filed, the court directed him to serve both mandatory disclosures and responses to defendant's discovery demands by January 31, 2010.  *See id.*  On the following day, the court confirmed its directive to the plaintiff in a text order, which qualifies as an order compelling discovery pursuant to Rule 37(a) of the Federal Rules of Civil Procedure,  *see La Grande*, 2006 WL 2806402, at *8-9, unequivocally directing the plaintiff to respond to the defendant's discovery requests by January 31, 2010.  Text Order of 1/05/10.

During a discussion held on January 4, 2010, plaintiff expressed his view that it would be unfair to require him to respond to the outstanding discovery demands until a ruling had been issued with regard to the pending motion to strike and an answer filed.  I disabused plaintiff of that belief and pointed out the inherent unfairness to the defendant,

undoubtedly already prejudiced by the passage of an inordinate amount of
time since the relevant events, if discovery in the action were to be
delayed any further, and I therefore issued the text order directing
compliance.  Thereafter, three days before his deadline for providing the
directed discovery, plaintiff requested an extension of time to respond to
discovery; that request was denied without prejudice.  Dkt. No. 43 and
Text Order of 1/28/10.

During a conference held on February 26, 2010 regarding the
action, the court reiterated to plaintiff its expectation that he comply with
the earlier text order of January 5, 2010.  On that date plaintiff renewed
his request that discovery be delayed until defendant's pending motion to
strike has been decided; once again the court denied the request and
expressly advised plaintiff that he must abide by the court's order of
January 5, 2010.  Significantly, the court also cautioned plaintiff that
absent compliance I would recommend dismissal of the action to the
assigned district judge as a result of his failure and refusal to comply with
the court's discovery orders.  *See* Text Minute Entry of 2/26/10.  More
than five months have passed since the court issued its USPO requiring
plaintiff to provide mandatory disclosure, and it has been four months

since plaintiff was directed to respond to defendant's discovery demands, yet plaintiff remains resolute in his refusal to comply.

None of the excuses plaintiff offers in response to the instant motion are meritorious.  While plaintiff complains of his inability to properly answer the outstanding discovery demands without the benefit of counsel, his applications for appointment of *pro bono* counsel have twice been denied with plaintiff having been notified that discovery would proceed even if he remained without legal representation.  It should also be noted that plaintiff has had more than ample time to secure legal representation over the sixteen years since the relevant events occurred.

Plaintiff also argues that he would suffer prejudice if the defendant is afforded a preview of his position.  The court does not view this as a legitimate concern.  Indeed, the Federal Rules of Civil Procedure expressly provide that there is no priority of discovery, and thus plaintiff has no ground to complain that he is being required to disgorge information concerning any issues in the case before the defendant must do so.  Fed. R. Civ. P. 26(d)(2); *see Demarco v. Stony Brook Clinical Practice Management Plan*, No. CV 06-4305, 2007 WL 1839823, at *1 (E.D.N.Y. June 26, 2007); *Baker v. Orleans County*, No. 96-CV-0503E,

1997 WL 436703, at *1 (W.D.N.Y. Jul. 21, 1997).

In deciding what course of action to recommend to the assigned district judge, I have considered the factors articulated by the Second Circuit, drawing upon case authority under Rule 41(b) by analogy, as well as the explanation offered by the plaintiff in defense of his actions. The duration of plaintiff's failure, as was previously noted, extends over a period of more than four months, and is ongoing. Turning to the second factor, I note that plaintiff was pointedly advised, including during the telephone conference conducted on February 26, 2010, that his persistent failure to comply with the court's order would result in my recommendation that his complaint be dismissed.

The third relevant factor, which focuses upon prejudice likely to be suffered by the adversary as a result of further delay of the proceedings, weighs heavily in favor of dismissal. It bears emphasizing that this action has been pending for over one year and, as was previously noted, relates to alleged events occurring more than sixteen years ago. It is quite likely that memories of the events in question have faded, relevant documents have been discarded, and potential witnesses to the events of the early 1990s giving rise to plaintiff's claims may well have died or become

otherwise unavailable.  *See, e.g., Geordiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.  Given the age of this case [six years], that problem probably is severe already.  The additional delay that plaintiff has caused here can only make matters worse.").  Indeed, in its motion defendant AMC notes that two of its former employees identified by plaintiff as witnesses to the alleged discrimination have died and another is unavailable as a result of a disability.  Vero Aff. (Dkt. No. 47-1) ¶ 10.  In addition, with one exception, all of the former fellow residents that plaintiff claims were treated differently than he have relocated out of state.  *Id.* Further, the law firm that represented defendant AMC during the course of the investigation conducted by the New York State Division of Human Rights has destroyed its file concerning pursuant to its record retention policy.  *Id.*

The fourth factor calls upon the court to balance its interest in managing its docket and preserving the integrity of  its orders against the plaintiff's interest in having his claims litigated on their merits.  Once again this factor militates in favor of dismissal.  In defense of his actions, plaintiff has articulated his belief concerning the unfairness of requiring him to

answer the outstanding discovery demands and serving mandatory

disclosure.  The court explained that the filing of a Rule 12 motion and the

corresponding lack of an answer in a case does not automatically entitle

the parties to a stay of discovery.  Under such circumstances, the

issuance of a stay is governed by Rule 26(c)(1) of the Federal Rules of

Civil Procedure, which provides, in relevant part, that

> [a] party or any person from whom discovery is sought may
> move for a protective order in the court where the action is
> pending . . .. The Court may, for good cause, issue an order to
> protect a party or person from annoyance, embarrassment,
> oppression, or undue burden or expense, including one or
> more of the following: (A) forbidding the disclosure or
> discovery . . . .

Fed. R. Civ. P. 26(c)(1).  When exercising the discretion conferred under

Rule 26(c) on a motion to stay discovery during the pendency of a

dismissal motion, a court must determine whether the party seeking the

stay has established the existence of "good cause" for the requested

delay.  *Chesney v. Valley Stream Union Free Sch. Dist.*, 236 F.R.D. 113,

115 (E.D.N.Y. 2006); *Spencer Trask Software & Information Servs., LLC

v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).  Good cause may

be shown where a party has filed a dispositive motion, the stay is for a

short period of time, and the opposing party will not be prejudiced by the

stay.  *See Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120, 1997 WL 101277, at * 2 (S.D.N.Y. march 7, 1996) (collecting cases).

The mere filing of a dismissal motion, without more, does not guaranty entitlement to such a stay.  *Id.*; *see Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.").  Factors informing the analysis of whether to grant a stay of discovery in the face of a dispositive motion include the breadth and burden of responding to the contemplated discovery as well as the strength of the dispositive motion forming the basis for the stay request. *Chesney*, 236 F.R.D. at 115*; Spencer Trask Software & Information Servs., LLC*, 206 F.R.D. at 368.  The court must also consider whether the party opposing the stay would be unfairly prejudiced by the stay.  *OMG Fidelity, Inc. v. Sirius Techologies, Inc.*, 239 F.R.D. 300, 304-305 (N.D.N.Y. 2006) (citing *Chesney*, 236 F.R.D. at 115).

In denying more than one request by the plaintiff for a stay of discovery pending a decision on the defendant's motion to strike, I weighed the relevant factors and determined that the considerable prejudice to defendant in prolonging discovery any further, given the

passage of time since alleged events occurred, was sufficient to trump any other counterveiling factors weighing in favor of a stay.

The last factor to be considered is the availability of less severe sanctions.  In this instance, four months ago the plaintiff was unambiguously ordered to answer defendant's discovery demands and, even after the passage of the deadlines established in the court's text order was afforded some leniency, though urged by court during a subsequent telephonic status conference to provide responses in order to avoid the imposition of sanctions.  Plaintiff was also specifically advised that in the event of his continued defiance, I would recommend dismissal of his complaint.  Yet, despite the court's directives and urgings, plaintiff has remained steadfast in his position that he should not be required to answer the outstanding discovery demands and has persisted in his refusal to do so.

I note, parenthetically, that I have reviewed the discovery demands propounded by defendant AMC in December of 2009.  In large part, those demands seek information and documents of a factual nature, and plaintiff's responses to those demands, if truthful, should not vary depending upon the substance of AMC's answer to plaintiff's complaint or

the affirmative defenses offered.  In any event, plaintiff presumably has

been provided with significant insight into defendant's position regarding

the reasons for expelling him from the residency program over the sixteen

years since that occurred, including through defendant's mandatory

disclosures as well as during the course of an investigation conducted by

the New York State Division of Human Rights, which resulted in the

issuance of a finding of no probable cause to believe that a violation of the

New York Human Rights Law, N.Y. Executive Law § 290 *et seq.,* had

occurred.[4]  *See* Vero Aff. (Dkt. No. 47-1) ¶¶ 4-8 and Exh. D.

> It has been observed that

> [w]hile *pro se* litigants are given special latitude, this is not a
> reason for non-compliance with specific and numerous Court
> Orders. . . . 'When a party seeks to frustrate [the orderly
> progression of discovery] by disobeying orders, thereby
> preventing disclosure of facts essential to an adjudication on
> the merits, severe sanctions are appropriate.'

*LaGrande*, 2006 WL 2806402, at * 10 (citations omitted).  "If a person to

whom a court directs an order believes that order is incorrect the remedy

is to appeal, but, absent a stay, he must comply promptly with the order

pending appeal." *MacDonald v. Head Criminal Court Supervisor Officer*,

---

[4]     Plaintiff was apparently represented by counsel during the course of that
investigation.  Vero Aff. (Dkt. No. 47-1) ¶ 6.

850 F.2d 121, 124 (2d Cir. 1988) (quoting *Maness v. Meyers*, 419 U.S.

449, 458, 95 S.Ct. 584, 591 (1975) (internal quotations omitted)).  In the

words of the Second Circuit when faced with similar conduct and

reviewing the penalty of dismissal, "[p]laintiff's 'wilful, obstinate refusal to

play by the basic rules of the system upon whose very power [he] is

calling [on] to vindicate his rights cannot be tolerated any longer."

*McDonald*, 850 F.2d at 124 (quoting *McDonald v. Head Criminal Court*

*Supervisor Officer*, 117 F.R.D. 55, 58 (S.D.N.Y. 1987)).

Given the circumstances of this case, I find that no sanction short of

dismissal is warranted.  *See Valentine v. Museum of Modern Art*, 29 F.3d

47, 50 (2d Cir.1994) (per curiam) ("The severe sanction of dismissal with

prejudice may be imposed even against a plaintiff who is proceeding *pro*

*se*, so long as a warning has been given that noncompliance can result in

dismissal."); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (per

curiam) (" 'all litigants, including *pro ses*, have an obligation to comply with

court orders' ") (quoting *McDonald*, 850 F.2d at 124).  Plaintiff's refusal to

provide standard discovery has caused delay, required court intervention,

increased defendant's costs, and prejudiced defendant in its ability to

defend against his claims.  Having blatantly ignored not only the warnings

but orders of this court, plaintiff has left the court with no alternative but to recommend dismissal of his complaint.

In sum, I find ample basis to recommend that the court grant the relief now sought in defendants' motion, and conclude that the recommended sanction would be just given the defendant's unexcused and longstanding defiance of the court's discovery order.

B.     Rule 41(b) Dismissal For Failure To Prosecute

Plaintiff's inaction in this case also implicates Rule 41(b) of the Federal Rules of Civil Procedure, which provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action or comply with any order of the court.  *Link*, 370 U.S. at 629-30, 82 S.Ct. at 1388.  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

As was previously noted, the propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute

is informed by five relevant factors.[5]  *See Shannon v. Gen. Elect. Co.*, 186

F.3d at 193; *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to

comply with order of court) (citations omitted).  In deciding defendant's

Rule 37 motion, I have already carefully evaluated the five factors

considered by the Second Circuit in reviewing Rule 41(b) dismissals and

have found that these factors weigh decidedly in favor of dismissal.

Accordingly, for the same reasons set forth above, dismissal pursuant to

Rule 41(a) is also warranted.

### C.   Costs and Attorney's Fees

In its motion, defendant AMC has also sought an award of costs,

including reasonable attorney's fees, associated with the pending motion.

Defendant AMC's request for attorney's fees is predicated upon Rule

37(b)(2)(C) of the Federal Rules of Civil Procedure, which provides that

> [i]nstead of or in addition to the orders above
> [awarding sanctions], the court must order the
> disobedient party, the attorney advising that party,
> or both to pay the reasonable expenses, including
> attorney's fees, caused by the failure unless the
> failure was substantially justified or other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C); *see Novak v. Wolpoff & Abramson LLP*, 536

---

[5]     *See* pp. 12-22, *supra*.

F.3d. 175, 178 (2d Cir. 2008); *Catskill Associates, L.L.C. v. Benza*, No. 1:08-CV-598, 2009 WL 3756593, at *3 (N.D.N.Y. Nov. 6, 2009) (Treece, M.J.).  As can be seen, Rule 37(b)(2)(c) mandates an award of costs and attorney's fees absent a finding that one of the two specified exceptions applies.  "[T]he test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was 'substantially justified'.... [T]hat has never been described as meaning 'justified to a high degree,' but rather has been said to be satisfied if there is a 'genuine dispute' ... or 'if reasonable people could differ' " regarding the appropriateness of the conduct at issue.  *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988) (citations omitted).

In this instance, plaintiff has offered no excuse that would establish that his non-compliance is "substantially justified".   In the event that this recommendation is adopted, however, plaintiff will face the ultimate sanction of dismissal of his complaint in the action.  Even though plaintiff has offered no evidence of his inability to satisfy an award of costs and attorney's fees, considering that I already have recommended dismissal, I recommend that the court, in the exercise of discretion, deny defendant's application for further sanctions, in the form of costs and attorney's fees.

*Cower v. Albany Law School of Union University*, No. 05-CV-924

(GLS/DRH) (N.D.N.Y. 2006) (Sharpe, D.J. & Homer, J.).  If, however, the

court rejects my recommendation and declines to order dismissal of

plaintiff's complaint and instead finds a lesser sanction to be appropriate,

then I recommend, in addition to that lesser sanction, that an award of

costs and attorney's fees be made to defendant AMC.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

Undeniably the courts, including the United States Court of Appeals

for the Second Circuit, have historically expressed a preference for

resolving litigated matters based upon relative merit, rather than on the

basis of a procedural or technical default.  *See, e.g. Enron Oil Corp. v.*

*Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993); *Meehan v. Snow*, 652 F.2d

274-277 (2d Cir. 1981). Nonetheless, courts have a counterveiling vested

interest in insuring compliance with legitimately issued orders, including

those pertaining to discovery.  *See Bambu Sales, Inc. v. Ozak Trading,*

*Inc.,* 58 F.3d 849, 853-54 (2d Cir. 1995).  As the Second Circuit has

pertinently noted, in approving the striking of the answer and the entry of

default judgment against a party based upon its failure to provide required

discovery, "discovery orders are meant to be followed. 'A party who flouts

such orders does so at his peril'. . .. Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost.  We have no intention letting them return to the table. 'If one suggests that our decision today is strong medicine, that is precisely what it is intended to be'".  *Id.* (citing and quoting *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir. 1988)).

Here, plaintiff has defiantly disobeyed not only the initial uniform pretrial scheduling order issued in the case, but also a subsequent court order directing that he provide disclosure, notwithstanding the court's clear directive that discovery would not be delayed and having been expressly advised that his failure to provide discovery would likely result in a recommendation of dismissal of his complaint.  While plaintiff has expressed his opinion that it is unfair to require him to provide the requested discovery, the court has rejected that argument and ordered him to answer the outstanding discovery demands.

This is not a case involving the typical *pro se* plaintiff who lacks the capacity to comply with legitimate court directives regarding discovery without assistance.  This action involves a highly educated plaintiff who has simply chosen to reject the court's explanation regarding his duty to

comply with the relevant discovery orders and persists in this refusal to do so, having been advised of the likely consequences of that refusal. Plaintiff's non-compliance with the court's orders cannot be tolerated, particularly given the ongoing prejudice to defendant resulting from the passage of sixteen years since occurrence of the relevant events.  The circumstances described above dictate that dismissal of plaintiff's complaint is the only fair, just, and appropriate response to plaintiff's obstinate refusal.

Based upon the foregoing it is hereby respectfully

RECOMMENDED that defendant's motion for sanctions (Dkt. No. 47) be GRANTED, and that plaintiff's complaint in this action be DISMISSED in all respects, with prejudice; and it is further

RECOMMENDED that defendant's request for an additional award of costs and attorney's fees associated with the instant motion be DENIED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within FOURTEEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.

28 U.S.C. § 636(b)(1);  F ED. R. C IV. P.  6(a), 6(e), and 72; *Roldan v.*

*Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

Dated:     May 5, 2010
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

29