UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT DUNN, JR. M.D.,

                             Plaintiff,

                 -against-                                         1:09-CV-1031 (LEK/DEP)

ALBANY MEDICAL COLLEGE,

                             Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

Plaintiff Robert Dunn, Jr. ("Dunn" or "Plaintiff") initiated the instant employment

discrimination suit against Defendant Albany Medical College ( "AMC" or "Defendant") on April

22, 2009 in the Northern District of Illinois.  Compl. (Dkt. No. 1).  Defendant subsequently filed a

Motion to strike portions of that Complaint.  Dkt. No. 32.  While that Motion was pending

discovery began.  On March 19, 2010, Defendant filed a Motion for sanctions against Plaintiff for

the latter's alleged failure to comply with his discovery obligations.  On May 5, 2010, pursuant to 28

U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York, the Honorable David E.

Peebles, United States Magistrate Judge, issued a Report-Recommendation addressing that Motion

for sanctions.  Report-Rec. (Dkt. No. 55).  Therein, Judge Peebles recommends dismissing

Plaintiff's Complaint with prejudice as a sanction for Plaintiff's non-compliance with his discovery

obligations and court orders.  Id.  Plaintiff filed objections ("Objections") to the Report-

Recommendation on May 25, 2010 (Dkt. No. 57); Defendant opposed those Objections with a

Memorandum of law filed June 4, 2010.

For the reasons that follow, Judge Peebles' Report-Recommendation (Dkt. No. 55) is

adopted in part; Defendant's Motion for sanctions (Dkt. No. 47) is granted in part; Defendant's

Motion to strike (Dkt. No. 32) is denied, and Plaintiff is granted leave to amend his Complaint.

## I.      BACKGROUND

Dr. Robert Dunn, acting *pro se*, filed the instant lawsuit against his former employer, Albany Medical College, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 and 42 U.S.C. § 1981.  In July 1992, AMC hired Plaintiff, who is African-American, for a three-year ophthalmology residency but dismissed him after only two years.  Plaintiff alleges that the dismissal was due to his race.  Further, Plaintiff asserts that while he was in the residency program, he was subjected to disparate treatment, racial intolerance, and harassment.

On June 21, 1994, nearly 16 years prior to filing his federal suit, Plaintiff, in response to his dismissal from AMC, filed a complaint with the New York State Division of Human Rights ("NYSDHR") and cross-filed with the Equal Employment Opportunity Commission ("EEOC"). After investigation, NYSDHR found no probable cause to support Plaintiff's allegations and dismissed his complaint on April 24, 1997.  See Dkt. No. 18-5.  Around the same time, the EEOC sent Plaintiff a Dismissal and Notice of Right to Sue letter, which he claims to have never received. In late 2008 he requested a copy, which the EEOC provided on January 22, 2009.  Dkt. No. 18-6.

After receiving his Right to Sue letter, Plaintiff initiated the instant action on April 22, 2009 in the Northern District of Illinois.  Compl. (Dkt. No. 1).  Defendant moved to dismiss for lack of personal jurisdiction and improper venue, or alternatively, to transfer venue to the Northern District of New York. Dkt. No. 15.  The Illinois Court denied without prejudice Defendant's Motion to dismiss, and pursuant to 28 U.S.C. § 1406, granted its Motion to transfer venue.  Dkt. No. 27.

Plaintiff filed his Complaint using a *Pro Se* Complaint Form.  See Dkt. No. 1.  Paragraph 13

of that form provides space to describe the facts underlying his discrimination claim.  Id. at 5.

Plaintiff entered "see attachment."  Id.  Plaintiff's attachment to Paragraph 13 ("the Paragraph 13

attachment") purports to announce eight claims, subdivided into nineteen paragraphs.  Many of

these paragraphs are further subdivided, such that there are forty sub-parts, two of which are

subdivided again into seven additional sub-parts.  Id.  Defendant seeks to strike the Paragraph 13

attachment, claiming it fails to comply with the pleading requirements of Rule 8 of the Federal Rule

of Civil Procedure.  Mot. to Strike (Dkt. No. 32).  Plaintiff contends that his Complaint does comply

with Rule 8, but requests leave to amend his Complaint if the Court finds otherwise.  See Mem. in

Opp'n to Def.'s Mot. to Strike (Dkt. No. 35-1) at 6.

On November 12, 2009, while the Motion to strike was pending before this Court, and, thus,

prior to AMC's answering Plaintiff's Complaint, Magistrate Judge Peebles initiated discovery in the

case.  Magistrate Peebles ordered, pursuant to Federal Rule of Civil Procedure 26, that mandatory

disclosure be exchanged by December 15, 2009, and initial written discovery demands be served, if

desired, by December 31, 2009.  See Uniform Pretrial Scheduling Order (Dkt. No. 40) at 2.  In

December of 2009, AMC served interrogatories and document demands upon Plaintiff.  To date,

and despite court orders requiring him to comply with his Rule 26 obligations, Plaintiff has neither

provided voluntary disclosures to the defendant, nor responded to AMC's discovery requests.

On January 4, 2010, Dunn requested that his time to respond to AMC's interrogatories be

extended until this Court resolved the outstanding Motion to strike; Judge Peebles denied the

request and ordered Plaintiff serve mandatory disclosures and responses to Defendant's discovery

demands by January 31, 2010.  See Text Minute Entries dated January 4, 2010; January 5, 2010.  On

January 28, 2010, Plaintiff again requested time to comply with his discovery obligation and advised

the Court of his intent to retain council.  Dkt. No. 43.  Plaintiff's request for additional time was

denied.  See Text Minute Entry dated January, 28, 2010.  Shortly thereafter, Plaintiff moved for

appointment of counsel (Dkt. No. 44); Magistrate Peebles denied the request without prejudice as

Plaintiff had failed to show financial need.  Dkt. No. 46.  Magistrate Peebles, in denying Plaintiff's

Motion, again advised Plaintiff that regardless of whether he retains counsel, he must comply with

court orders including the prior order to serve discovery responses upon Defendant's counsel, and

he warned Plaintiff that failure to do so could result in dismissal of his action.  See Text Minute

Entry dated February 26, 2010.

On March 19, 2010, Defendant, still having not received Plaintiff's responses, filed a Motion

for sanctions ("Sanctions Motion") pursuant to Federal Rule of Civil Procedure 37, seeking

dismissal of the Complaint.  Dkt. No. 47.  On April 2, 2010, Plaintiff again moved for, and was

again denied, court-appointed counsel.[1]  Dkt. Nos. 49, 50.  Acting without counsel, Plaintiff

opposed Defendant's Sanctions Motion, reiterating that he cannot appropriately respond to

Defendant's discovery requests because AMC has not and need not answer Plaintiff's Complaint

until the Motion to strike is resolved; Plaintiff alleges that this fact, which deprives him of knowing

which facts are disputed, is compounded by his inability to retain counsel, leaving him unable to

protect his legal rights in responding to AMC's interrogatories.  See Dkt. No. 51-1 ¶ 19-20.

Magistrate Peebles rejected these arguments and recommends granting Defendant's Sanction

---

[1] In his second application for court-appointed counsel, Plaintiff noted that he is unemployed and has received no income or public benefits from any source during the past twelve months.  His immediate family, which includes his wife, who is employed, and a disabled sixteen year old daughter, reported earning $71,169 in adjusted gross income during 2009.  Given that income and recognizing the limited resources available to serve the needs of indigent litigants, Magistrate Peebles found that Dunn did not qualify as indigent unable to afford to retain counsel.  Dkt. No. 50.

Motion and dismissing Plaintiff's Complaint.  Report-Rec.  The Report-Recommendation finds that

Plaintiff's continued failure to respond to AMC's interrogatories and non-compliance with court

orders justifies a sanction of dismissal under Federal Rules of Civil Procedure 37 and 41(b).

**II.      STANDARD OF REVIEW**

This Court is to "make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b).  "A

[district] judge . . . may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  Id.

Where, as here, a party seeks judgment against a *pro se* litigant, the Court affords the

non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.

2006).  Thus, *pro se* pleadings "must be read liberally and should be interpreted to raise the

strongest arguments that they suggest."  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)

(quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994)).  Nevertheless, a litigant's "*pro se*

status does not exempt a party from compliance with relevant rules of procedural and substantive

law."  Id. (citation omitted).

**III.     DISCUSSION**

**A. Sanctions for Failure to Comply with Discovery Obligations and Court Orders**

Magistrate Peebles recommends dismissal of Plaintiff's Complaint as an appropriate

sanction, pursuant to Rule 37(b), for Plaintiff's failure to comply with his discovery obligations,

and, pursuant to Rule 41(b), for Plaintiff's failure to comply with court orders demanding Plaintiff's

compliance with those same obligations.  Report-Rec. (Dkt. No. 55).  Undoubtedly, the analysis

undertaken by Magistrate Peebles is properly supported in law and fact.  See id.; see also FED. R. CIV. P. 37(b), 41(b).  The sanction he recommends under each Rule, namely dismissal, is an available sanction for the Court to apply in the circumstances presented.  See FED. R. CIV. P. 37(b), 41(b); see also Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir. 1991).  Nevertheless, it is in this Court's discretion to determine whether, even if available, dismissal is appropriate.  FED. R. CIV. P. 37(b), 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962); Daval Steel, 951 F.2d at 1365.

Magistrate Peebles properly considered the facts underlying the Defendant's Rule 37 Sanctions Motion in light of five factors deemed relevant by the Second Circuit in considering the appropriateness of dismissal as a sanction under Rule 41, see, e.g., Banjo v. United States, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. July 29, 1996); he used the same factors to determine the appropriateness of this sanction under Rule 41(b).  Report-Rec. (Dkt. No. 55) at 12-24.  The factors include: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  Banjo, 1996 WL 426364, at *5; Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994) (citing Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

The Court concurs with and adopts the majority of the Magistrate's findings as to these factors, particularly to those dealing with the duration of Plaintiff's non-compliance, the fair warning given to Plaintiff, and the Court's interest in managing its docket.  Report-Rec (Dkt. No.

55) at 12-16.  Contrary to the Magistrate, however, the Court finds that the third factor, which focuses upon prejudice likely to be suffered by AMC as a result of Plaintiff's delay, does not heavily weigh in favor of dismissal.  The events underlying this action occurred over sixteen years ago, during which time memories have faded, relevant documents were discarded, and witnesses became unavailable.  Id. at 16.  These facts, however, are not greatly affected by the approximately five month delay between the discovery deadline and the Report-Recommendation.  In concluding that the third factor does not heavily weigh in favor of dismissal, the Court in no way condones Plaintiff's actions, nor minimizes their gravity.  This conclusion suggests, however, that at this stage a sanction less severe than dismissal is warranted.  See Harding v. Fed. Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983) ("dismissal is 'a harsh remedy to be utilized only in extreme situations.' ") (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

Failure to comply with court orders can also be cause for dismissal of an action.  See FED. R. CIV. P. 41(b); Daval Steel, 951 F.2d at 1363; Hall v. Flynn, 829 F. Supp. 1401, 1403 (N.D.N.Y. 1993).  Plaintiff's non-compliance with the Magistrates prior orders, despite warnings that this could result in dismissal, provides a much closer call for issuing a sanction of dismissal.  Plaintiff seeks to excuse his non-compliance by reiterating his belief that he should not be required to respond to AMC's interrogatories until the pending Motion to Strike (Dkt. No. 32) is resolved and his Complaint is answered, and by insisting that his pro se status hampers his ability to respond to the interrogatories without forfeiting legal rights.  Pl.'s Opp'n Mem. (Dkt. No. 51-1 ¶ 19-20); Objections, (Dkt. No. 57) ¶ 3,7.  The Report-Recommendation correctly notes that these are not legitimate bases for disobeying court orders. Dkt. No. 55 at 13-15; see also  Benjamin v. Kooi, No.

7

07-CV-506, 2008 WL 441568, at *2 (N.D.N.Y. Sept. 24, 2008) (Kahn, *J.*) ("like all litigants, those proceeding *pro se* must comply with court orders.") (citing McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988)).  For this reason, as well as for Plaintiff's non-compliance with his discovery obligations under Rule 37, sanctions are appropriate.

At this juncture, the Court will not impose the harshest sanction available, dismissal.[2] Instead, the Court adopts Magistrate Judge Peebles' recommendation that Plaintiff be required to pay all reasonable expenses, including attorney's fees associated with Plaintiff's non-compliance with his discovery obligations and court orders.  Report-Rec. at 25-26; see also Fed. R. Civ. P. 37(b)(2)(C).  Should Plaintiff choose to voluntarily dismiss his action rather than, as permitted below, amend his Complaint, he shall not be required to pay these expenses.  If he continues with his action, Plaintiff shall respond to AMC's interrogatories within 14 days of this Decision and Order.  Further, Plaintiff shall not seek, absent consent from Defendant or truly extraordinary circumstances, any extension of this or any other deadline set by the Court for the remainder of this litigation.

**B. Motion to Strike**

Having found that dismissal of Plaintiff's Complaint is, at this juncture, an unnecessarily harsh sanction, the Court must consider whether striking portions of that Complaint is appropriate in light of the form in which Plaintiff makes his allegations.

*i.  Pleading Requirements Under Rule 8*

Defendant asserts that Plaintiff's "extensive and argumentative narration of his version of

---

[2] If Plaintiff fails to promptly respond to AMC's interrogatories or comply with any order of this Court during the remainder of the litigation, the Court may, on motion or *sua sponte*, dismiss the action.  See Link, 370 U.S. at 630-32; Hall, 829 F. Supp. at 1403.

the facts, littered with extensive passages unrelated to any identifiable claim and interwoven with his perspective and conclusions of the allegations, is inconsistent with the Rule 8 requirement of a short and plain statement showing a ground for the relief requested." Mem. in Supp. of Mot. to Strike (Dkt. No. 32-6) at 3-4. Defendant contends that "Dunn's complaint must be stricken because it contains unnecessary prolixity that Rule 8(a)(2)'s short and plain requirement is intended to prevent." Id. Defendant thus seeks "an Order pursuant to Rule 12(f) of the Federal Rules of Civil Procedure striking the attachment to paragraph '13' of the Complaint." Id. at 6.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Second Circuit has commented,

> [t]he statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial. The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.

Salahuddin v. Cuomo, 861 F. 2d 40, 42 (2d Cir. 1988) (citations and quotations omitted). In furtherance of the above goals, Rule 8 additionally requires that "each averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(d)(1).

Generally, the "remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 590 n.9 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002)); Pelman v. McDonald's Corp., 396 F.3d 508, 512 n.5 (2d Cir. 2005); Brady v. Dammer, No. 1:04-CV-1126, 2005 WL 871183, at *5 (N.D.N.Y. Aug. 3, 2005) (Kahn, J.). Alternatively, in certain circumstances a party may move to "strike from a pleading an insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); In re Merrill

Lynch & Co., Inc., 218 F.R.D. 76, 77-78 (S.D.N.Y. 2003) ("When a complaint is not short and

plain, or its averments are not concise and direct, 'the district court has the power, on motion . . . to

dismiss the complaint or to strike such parts as are redundant or immaterial.'") (quoting Simmons v.

Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995); Phillips v. Girdich, 408 F.3d 124, 128 (2d Cir. 2005);

Maloney v. CSX Transp., Inc. No. 1-09-CV-1074, 2010 WL 681332, *2 (N.D.N.Y. Feb. 24, 2010).

Rather than offering a short plain statement of Plaintiff's claim, the Paragraph 13 attachment

presents a lengthy narrative of facts occurring over a period of years in a long-winded, tangential

manner.  Though Plaintiff subdivides his action into eight separate claims, his headings and

descriptions fail to make known exactly what claim he is asserting in each subsection and the

relevance of the facts contained therein to that claim.  Additionally, Plaintiff often includes multiple

statements within single subparagraphs in contravention of Rule 8(d).  See, e.g., Compl. at

Paragraph 13 Attach. ¶ 13(b)-(h).[3]  Rather than clarifying his legal arguments or isolating the factual

basis for his claims, Plaintiff's ordering scheme in the Paragraph 13 attachment actually heightens

the burden Defendant faces in adequately responding to the allegations brought against it.  Rule 8 is

designed to prevent exactly this situation.

Plaintiff clearly fails to provide "a short and plain statement of [his] claim," or state his claim

in a "simple, concise and direct" manner.  Fed. R. Civ. P. 8(a)(2); (8)(d)(1).  However, Defendant's

response, see Dkt. No. 32-6, is also not a model of clarity.  Though Defendant's Motion (Dkt. No.

32) ostensibly seeks to strike the Paragraph 13 attachment pursuant to Federal Rule of Civil

---

[3] Within the above-referenced citation, Plaintiff includes two sub-sections denoted as ¶ 13(g) and two sub-sections denoted as  ¶ 13(h).

Procedure 12(f), the supporting Memorandum of law (Dkt. No. 32-6) often employs language and cites cases supporting dismissal for failure to comply with Rule 8's requirements, rather than striking portions of the Complaint.  For example, Defendant clearly states that it seeks to strike the Paragraph 13 attachment  under Rule 12(f) and cites cases supporting such a move in certain circumstances.  See, e.g., Mot. to Strike (Dkt. No. 32) at 1; Mem. in Supp. of Mot. to Strike (Dkt. No. 32-6) at 1, 3, (citing Roberto's Fruit Market, Inc. v. Schaffer, 13 F. Supp. 2d 390, 396 (E.D.N.Y. 1998) (dismissing and striking tangential complaint); In re Merrill Lynch, 218 F.R.D. at 78 (Federal Rule of Civil Procedure 12(f) provides "the appropriate remedy for the striking of 'any redundant, immaterial, impertinent, or scandalous matter,' . . . [and] 'is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct.'")).  Yet, Defendant also variously appears to seek dismissal of Plaintiff's Complaint and cites to cases in which complaints were dismissed for non-compliance with Rule 8, and in which Rule 12(f) is not considered.  See, e.g., Mem. in Supp. of Mot. to Strike (Dkt. No. 32-6) at 4 ("Complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with the Federal Rules of Civil Procedure and *must be dismissed*.") (emphasis added); id. citing Prezzi v. Berzak, 57 F.R.D. 149, 151 (S.D.N.Y.) (granting motion to dismiss for failure to comply with Rule 8); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (reversing dismissal of complaint by district court).

Defendant occasionally seems to equate striking portions of the Complaint, pursuant to Rule 12(f), with dismissal.  See, e.g., Mem. in Supp. of Mot. to Strike (Dkt. No. 32-6) at 2 ("even the most charitable reading of Dunn's complaint cannot be read to 'state a claim to relief that is plausible on its face' and therefore AMC's motion to strike the attachment to paragraph "13" of

11

Dunn's complaint must be granted. (quoting <u>Twombly</u>, 550 U.S. at 570)).  Conspicuously absent throughout Defendant's submissions is any mention of the most apparent remedy for what appears to be the gravamen of its Motion, namely a Rule 12(e) motion "for a more definite statement of a pleading."  <u>See</u> Fed. R. Civ. P. 12(e); <u>Twombly</u>, 550 U.S. at 590 n.9 (citing <u>Swierkiewicz</u>, 534 U.S. at 514).

Whether Defendant seeks to strike portions of Plaintiff's Complaint or is moving to dismiss it in its entirety, it carries a heavy burden.  In this Circuit, a court shall deny any motion made pursuant to Rule 12(f) on the ground that the matter in the Complaint is impertinent and immaterial "unless it can be shown that no evidence in support of the allegation would be admissible."  <u>Lipsky v. Commonwealth United Corp.</u>, 551 F.2d 887, 893 (2d Cir. 1976) (citations omitted); <u>Maloney v. CSX Trasp., Inc.</u> 2010 WL 681332, at *2.  A motion to strike based on inadmissibility of evidence will fail "if there is any possibility that the pleading could form the basis for admissible evidence."  <u>Eskofot A/S v. E.I. Du Pont de Nemours & Co.</u>, 872 F. Supp. 81, 94 (S.D.N.Y. 1995).  This strong presumption against striking portions of pleadings exists because under modern pleading rules "the courts should not tamper with the pleadings unless there is a strong reason for so doing."  <u>Lipsky</u>, 551 F.2d at 893; <u>In re Merrill Lynch</u>, 218 F.R.D. at 78.

Defendant's basis for its Motion to Strike (Dkt. No 32) pursuant to Rule 12(f) is essentially that the Paragraph 13 attachment is confused, repetitive, and long-winded.  <u>See generally</u> Mem. in Supp. of Mot. to Strike (Dkt. No. 32-6).  Defendant also notes that much of what is contained therein are statements attributed to various persons associated with AMC.  To the extent that Defendant suggests that such referents constitute inadmissible hearsay, the Court declines to decide this issue on the current record, as it will only consider whether there is any possibility that the

pleading could form the basis for admissible evidence.  Lipsky, 551 F.2d at 893.  To the extent that the length and tangential references form the basis of Defendant's Motion, the appropriate remedy is not to strike the entire Paragraph 13 attachment as Defendant requests.  Rather, Defendant should identify particular paragraphs or references therein and subject only those to a 12(f) motion.  See, e.g. In re Merrill Lynch, 218 F.R.D. at 78-79; Roberto's Fruit Market, 13 F. Supp. 2d at 397.  Most importantly, given that Defendant mainly appears concerned with receiving proper notice of the legal claims against it so as to be able to appropriately respond, see generally  Mem. in Supp. of Mot. to Strike (Dkt. No. 32-6), its Motion (Dkt. No. 32) is best construed as one made pursuant to Rule 12(e) seeking a more definite statement of Plaintiff's claims.

Similarly, in as much as Defendant appears to seek dismissal under Rule 12(b)(6), see, e.g., id. at 5, its "burden is very substantial, as 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'"  Log On America, Inc. v. Promethean Asset Mgmt. L.L.C., 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation and citations omitted)).  Thus, to survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  Moreover, while dismissal is available where pleadings fail to conform to the demands of Rule 8, such action "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Salahuddin, 861 F.2d at 42.  While Defendant appears at times to seek dismissal of Plaintiff's Complaint, the Court need not rule at this time as to whether AMC has, indeed, met its burden or whether the Complaint so

13

disguises Plaintiff's claims as to warrant dismissal.

     *ii. Leave to Amend Complaint*

     Rather than decide whether dismissal is appropriate at this juncture, the Court finds that justice requires granting Plaintiff's request for leave to amend his Complaint.  See Dkt. No. 35-1 at 6.  Leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Manson v. Stacescu, 11 F.3d 1127, 1133 (2d Cir. 1993).  Leave to amend a complaint is not automatic, and a court may deny a motion to amend for good cause "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."  Foman, 371 U.S. at 182; S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous., 608 F.2d 28, 42 (2d Cir. 1979).

     Plaintiff's *pro se* status adequately explains his unfamiliarity with the dictates of Rule 8 and dispenses with any suggestion of undue delay, bad faith, or dilatory motive.  Any minimal burden suffered by Defendant by granting Plaintiff leave to amend would "hardly amount[] to prejudice outweighing the policy of Rule 15(a) in favor of permitting the parties to obtain an adjudication of the merits."  S.S. Silberblatt, 608 F.2d at 43.  At this stage, the Court does not find that granting Plaintiff leave to amend his Complaint would be futile.  Accordingly, Plaintiff is granted leave to amend his Complaint such that it complies with the requirements of Rule 8, provides Defendant fair notice of his claims, and concisely states the factual supporting those claims so as to enable AMC to answer the Complaint and adequately prepare for trial.  Salahuddin, 861 F. 2d at 42.  Plaintiff shall be allocated 21 days from the date of this Decision and Order to file such amended complaint.

IV.    **CONCLUSION**

Based on the foregoing discussion, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 55) is **APPROVED** and **ADOPTED** in part; and it is further

**ORDERED**, that Defendant's Motion for Sanctions (Dkt. No. 47) is **GRANTED** in part and **DENIED** in part, consistent with this Decision and Order; and it is further

**ORDERED**, that pursuant to Federal Rules of Civil Procedure 37(b) and 41(b), **Plaintiff is required to pay all reasonable expenses, including attorney's fees associated with Plaintiff's non-compliance with his discovery obligations and court orders.  Should Plaintiff voluntarily dismiss his action, will not be subject to this sanction.**  If he chooses instead to continue with his action, Plaintiff shall respond to AMC's interrogatories within 14 days of this Decision and Order. Further, **Plaintiff shall not seek, absent consent from Defendant or truly extraordinary circumstances, any extension of this or any other deadline set by the Court for the remainder of this litigation**; and it is further

**ORDERED**, that Defendant's Motion to Strike (Dkt. No. 32) is **DENIED** without prejudice; and it is further

**ORDERED**, that Plaintiff is **granted leave to amend his Complaint within 21 days** of this Decision and Order such that it complies with Federal Rule of Civil Procedure 8.  Should Plaintiff fail to so amend, his action shall be dismissed without further order of the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

15

DATED:        June 07, 2010
              Albany, New York

Lawrence E. Kahn
U.S. District Judge

16